BEN D. NAPIER,

    Petitioner,

v.                                          Case No. 12-C-1061

JIM SCHWOCHERT, Warden,

    Respondent.

**DECISION AND ORDER DISMISSING PETITION FOR UNTIMELINESS**

**I. BACKGROUND**

On October 17, 2012, the petitioner, Ben D. Napier ("Napier"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] According to his petition and the respondent's motion to dismiss as well as the attachments thereto, on April 29, 2004, an amended judgment of conviction was entered against Napier in the Dane County Circuit Court. This followed Napier's being convicted of one count each of first-degree intentional homicide by use of a dangerous weapon, armed robbery by use of force, and felon in possession of a firearm, all as an habitual criminal, in violation of Wis. Stats. §§ 940.01(1)(a), 939.63(1)(c), 943.32(2), 941.29(2)(a), and 939.62(1)(b). A jury convicted Napier of the homicide and robbery charges and the circuit court found him guilty of the firearm charge on February 26, 2004. On that same day, February 26, 2004, the circuit court sentenced Napier to life imprisonment on the homicide charge. On April 28, 2004, the court set Napier's extended supervision eligibility date on the homicide charge as July 2, 2043. The court also

---

[1] This is the date that his petition was file stamped as being received in the Clerk of Court. However, it is possible that the filing date was earlier, i.e., when Napier submitted it to the institution for mailing. If the earlier date applies (as the court will assume, as discussed later in this decision), then his habeas petition was filed on October 8, 2012.

sentenced him to forty years' imprisonment on the robbery, consisting of thirty years' confinement and ten years' supervision; and ten years' imprisonment on the firearm possession, consisting of five years' confinement and five years' supervision, to be served concurrently to each other and the homicide sentence.

Following his conviction, Napier sought postconviction relief in the circuit court. He then appealed his conviction and the circuit court's order denying his postconviction motion to the Wisconsin Court of Appeals. On October 23, 2008, the court of appeals affirmed his judgment of conviction and the circuit court's denial of his postconviction motion. Napier filed a petition for review with the Wisconsin Supreme Court. On February 10, 2009, the supreme court denied his petition for review.

On January 15, 2010, Napier filed a motion for postconviction relief in the circuit court pursuant to Wis. Stat. § 974.06, collaterally attacking his conviction. The circuit court denied his motion on June 15, 2010. Napier appealed that order and on July 14, 2011, the Wisconsin Court of Appeals affirmed the circuit court's order. Once again, Napier filed a petition for review with the Wisconsin Supreme Court and on October 24, 2011, that court denied his petition for review.

As previously stated, on October 17, 2012, Napier's federal habeas corpus petition (which is dated October 8, 2012) was filed in this court.

After reviewing Napier's petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, this court issued an order requiring the respondent to file, on or before December 17, 2012, an answer, motion or other appropriate response to Napier's petition. In accordance with that order, on December 17, 2012, the respondent filed a motion to dismiss Napier's habeas corpus petition on grounds of untimeliness. Thereafter, Napier filed his response to the respondent's motion and the respondent, in turn, filed his reply. Thus, the respondent's motion to

2

dismiss is now fully briefed and is ready for resolution. For the reasons that follow, the respondent's motion will be granted and this action will be dismissed.

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the one-year limitation period begins to run, and also provides that the period of limitation is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For Napier, it is § 2244(d)(1)(A) that governs the date on which his one-year limitation period commenced to run. Thus, his one-year period of limitation began to run on May 11, 2009, ninety days after the Wisconsin Supreme Court denied his first petition for review. *See Anderson v.*

3

*Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Accordingly, in order to be timely, his federal habeas corpus petition had to be filed by May 11, 2010. But, it was not filed until October 8, 2012, at the earliest. This is because, according to Napier, he placed his fully completed habeas petition in the institution mailbox on that date. (See Pet'r's Resp. at 1.) It therefore follows that, unless there is some basis for tolling the period between May 11, 2010 and October 8, 2012, Napier's petition was filed in untimely fashion and must be dismissed.

To be sure, on January 15, 2010, Napier filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06, and as of that date the one-year limitation period was tolled. But by that time, 249 days had already passed on his one-year limitation period. Thus, on October 24, 2011, when the Wisconsin Supreme Court denied his petition for review, there remained 116 days before his one-year limitation period expired. Stated another way, he needed to file his federal habeas petition by February 17, 2012 in order for it to have been filed timely. He failed to do so. Indeed, his petition was not filed until October 8, 2012, at the earliest.

Napier argues that he is only challenging the issues that were raised in his § 974.06 motion, which motion was filed on January 15, 2010, and finally decided by the Wisconsin Supreme Court (by denying his petition for review) on October 24, 2011. Simply stated, however, that does not matter. As noted by the respondent, Napier's § 974.06 postconviction motion did not give him another year to file his federal petition. It only tolled the running of the period of limitation while it was pending. *See* 28 U.S.C. § 2244(d); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *Stokes v. Miller*, 216 F.2d 169, 171-72 (S.D. N.Y. 2000).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

4

Subsection (d)(2) does not provide that once a postconviction motion is filed, the one-year limitation period somehow re-sets. Rather, subsection (d)(2) only provides that, so long as a postconviction motion is filed and is under consideration by the state courts, the time during which such motion is pending in the state court tolls the further running of the § 2244(d)(1) one-year limitation period. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run.") (emphasis in original) (internal quotation marks and citation omitted); *United States ex rel. Love v. Trancoso,* No. 03-C-5249, 2004 WL 1660629, at *2 (N.D. Ill. Apr. 12, 2004) ("Implicit in the language of § 2244(d)(2) is the notion that the period between the date determined under § 2244(d)(1) and the filing of a post-conviction petition is in fact counted against the one-year limitations period.").

In order for Napier's habeas corpus petition to have been filed timely in accordance with the provisions of 28 U.S.C. § 2244(d)(1), it had to be filed by February 17, 2012, as explained above. It was not. Therefore, it necessarily follows that his habeas corpus petition must be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

There is one final matter to address. Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts provides, in pertinent part as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

5

A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Notably, "[i]f success on a nonconstitutional issue is essential . . ., and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In my opinion, Napier is not entitled to a certificate of appealability. Simply put, the statutory timeliness of Napier's petition is a straightforward issue, and I do not believe that reasonable jurists could debate whether I erred in resolving this non-constitutional question. Because this finding is sufficient to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Napier nevertheless retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that the respondent's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Napier's petition for a writ of habeas corpus be and hereby is **DISMISSED** for untimeliness;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**SO ORDERED** this 28th day of March 2013 at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
